NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

JOHN J. MURNIGHAN, petitioner,

*v.*

GENERAL BAKING COMPANY, respondent.

**Automobile Accident to Employe Driver—Injury to Head and Nervous System.**

On petition, &c. Determination and order

*Messrs. Pomerehne, Laible & Kaulz,* for the petitioner.

*Messrs. Lindabury, Depue & Faulks,* for the respondent.

\* \* \* 1. Petitioner on the 3d day of August, 1922, while in the employ of the respondent, and in the course of his employment as automobile mechanic, was driving an automobile truck of the respondent along Front street, in the city of Plainfield, New Jersey, and while driving along said street the right front wheel of said truck came off, throwing the petitioner through the windshield to the sidewalk, striking his head and causing the injuries, which form the basis of this action.

2. His employers were immediately notified and he was sent to Muhlenberg Hospital, in the city of Plainfield, where he was treated and sent home.

3. Petitioner sustained an injury to his forehead, which has caused a scar almost in the centre of the forehead about three inches in length and one-half inch in width and a great shock to his nervous system, which caused him severe shooting pains in the head and a general physical weakness,

as a result of which he was confined to his home for several weeks and is still unable to resume employment.

4. This condition continuing, the petitioner received the attention of doctors engaged by the respondent, and also of physicians engaged by himself, which physicians, after a series of diagnoses and treatments, pronounced his case as that of general disability due to loss of strength coupled with acute traumatic neurosis.

5. I find from the testimony of the petitioner, which is entirely uncontroverted, that the petitioner was, before the 3d day of August, 1922, a strong, healthy young man, who was constantly engaged in laborious work, and that he was industrious and worked continually until the date of his injury.

6. I find also that after the injury, and notwithstanding his impairment, he returned to work for the respondent and worked there until the 13th day of April, 1923, and then sought other employment at divers places, but was unable to continue because of his weakness and general condition.

7. I find that the petitioner is suffering from traumatic neurasthenia from the history of the case and the still existing symptoms from which he complains.

8. I further find that the petitioner is still unable to resume work, and is entitled to temporary disability from the 3d day of August, 1922, to the 14th day of October, 1924, at the rate of $17 per week.

9. I do further find that the respondent has paid to the petitioner compensation up to the 13th day of May, 1924, for which the respondent should have credit, making a total temporary disability still due to the petitioner of twenty-two weeks at $17 per week.

10. I further find that the petitioner has a disability (partial in character and permanent in quality) by reason of impairment of his physical function, by reason of which he is entitled to compensation at the rate of $17 per week for a period of thirty weeks, based on six per cent. of total disability.

By reason of the aforementioned findings, I do therefore order the respondent to pay to the petitioner the sum of $17 per week from the 13th day of May, 1924, and hereafter until the sum of $884 shall have been paid to the petitioner, together with the sum of $100 counsel fee.

I do further order the respondent to pay immediately upon the signing of this order the sum of $306, together with the counsel fee, being the amount of temporary disability due since May 13th, 1924, to the 16th day of September, 1924.

Dated October 9th, 1924.

HARRY J. GOAS.
*Deputy Commissioner.*